## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL TASCO : <br> 208 Washington Avenue : <br> Chesilhurst, NJ 08089 : <br> : <br> *Individually and on behalf of similarly* : <br> *situated Maintenance Department employees*: <br> : <br> Plaintiff(s) : <br> v. : <br> : <br> ST. MATTHEWS BAPTIST CHURCH : <br> 245 Glassboro Road, Route 322 : <br> Williamstown, NJ 08094 : <br> : <br> and : <br> : <br> Dr. RAYMOND GORDON, SR. : <br> 245 Glassboro Road, Route 322 : <br> Williamstown, NJ 08094 : <br> Defendants : | Jury Trial Demanded <br><br> Civil Action No. _____ |

## **CIVIL COMPLAINT**

AND NOW, Plaintiff, Michael Tasco, by and through his attorneys, The Derek Smith Law Group, PLLC, bring this civil action for relief and compensation for overtime worked and not paid while employed by St. Matthews Baptist Church. Plaintiff brings his allegations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the New Jersey Wage and Hour Law, N.J.S.A. §34:11—56a, *et seq.* (the "NJWHL"). Plaintiff further seeks to certify a collective action for similarly situated Maintenance Department employees of St. Matthews Baptist Church, who worked in excess of forty (40) hours in a workweek but were not paid overtime. Plaintiff requests immediate Court facilitated notice to potential opt-in Plaintiff(s). In furtherance thereof, Plaintiff(s) allege and aver:

**Parties**

1. Plaintiff, Michael Tasco, is an adult male individual who resides at the above captioned address and at all times relevant was an employee for St. Matthews Baptist Church working in the Maintenance Department, performing primarily custodial work.

2. Plaintiff, Michael Tasco, brings this action individually, on behalf of himself, and also as a collective action for similarly situated Maintenance Department workers for Defendant in the past three (3) years who similarly worked in excess of forty (40) hours in a workweek but were not paid time-and-a-half. Plaintiff, Michael Tasco, and these similarly situated Maintenance Department employees shall be referred to hereinafter jointly and individually as Plaintiff(s).

3. Defendant, St. Matthews Baptist Church, is a domestic non-profit business duly existing under the laws of the state of New Jersey, with a registered office at the above address.

4. Defendant Raymond Gordon Sr. is an adult individual and at all times relevant is/was an employee for Defendant St. Matthews Baptist Church.

5. Defendant, St. Matthews Baptist Church, agreed, accepted, adopted, acquiesced, and/or otherwise is bound by the actions, omissions, and conduct of its officers, managers, supervisors, employees, and agents including Defendant Gordon and Lorna Darby.

**Jurisdiction and Venue**

6. Subject matter jurisdiction is appropriate before this Court under Federal Question Jurisdiction, 28 U.S.C. §1331, and Supplemental Jurisdiction, 28 U.S.C. §1367, for Plaintiff's Federal and State Law claims.

7. Personal jurisdiction and venue are appropriate before this Court as Defendant resides and reasonably avails itself of the State of New Jersey and all actions, omissions, and

conduct giving rise to this action occurred in the jurisdiction of the Camden Division (i.e. Atlantic, Burlington, Camden, Cape May, Cumberland, Gloucester, and Salem Counties).

## Summary of Facts

8. Plaintiff Michael Tasco recalls beginning work for Defendant in February of 2010.

9. Plaintiff Michael Tasco's last day actually working for Defendant was in late September or early October 2016.

10. An interoffice correspondence of May 31, 2011 offers Plaintiff Michael Tasco full-time employment with Defendant in the Maintenance Department, and offers: $15.00 an hour; two 15-minute breaks; a 30-minute lunch break; and, that "paychecks are distributed on alternate Fridays for the two-weeks worked prior to the pay period."

11. Defendant's premises include a Sanctuary and a Recreational Center that had a Daycare, Gym, and Tennis Courts.

12. Plaintiff worked morning and evening shifts.

13. The morning shift required work from 7:00 a.m. to sometimes 3:00 p.m. and the evening shift could be from 5:00 p.m. to 9:00 p.m. Thus, Plaintiff averaged 2 to 4 hours of overtime daily.

14. It is alleged and believed the similarly situated Maintenance Department employees for Defendant (Plaintiff(s)) had similar agreements and work situations with Defendant.

15. Plaintiff(s) work was primarily custodial and/or maintenance work.

16. Plaintiff(s) was/were not paid time-and-a-half for hours worked in excess of forty (40) in a workweek (overtime).

17. Plaintiff(s) was/were entitled to time-and-a-half for overtime because no exemptions applied.

18. Plaintiff(s) allege and believe Defendant intentionally, willfully, and wantonly denied pay for overtime worked.

19. Defendants further failed to keep record of hours worked a required by law.

## COUNT ONE
### Non-Payment of Overtime
### Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.*
### Plaintiff(s) v. Defendants

20. Plaintiff(s) incorporate the foregoing paragraphs as if set forth at length herein.

21. Plaintiff(s) is/are an employee within the meaning of the Fair Labor Standards Act.

22. Defendant St. Matthews Baptist Church is an employer within the meaning of the Fair Labor Standards Act.

23. Defendant St. Matthews Baptist Church operates a pre-school.

24. Defendant St. Matthews Baptist Church operates a Community Development Center, as well as a Recreation Center, which offers fitness memberships and aquatic memberships placing the ministry in interstate commerce.

25. St. Matthews Baptist Church is operated in conjunction with a recreation center that is an enterprise that operates with a business purpose with an annual dollar amount of receipts or sales in excess of $500,000 annually.

26. Defendant Raymond Gordon is an employer within the meaning of the Fair Labor Standards act. He is the pastor for St. Matthews Baptist Church and had operation control Defendant Raymond Gordon had ultimate control of Plaintiff's work schedule.

27. As an employer, Raymond Gordon is and was jointly and severally liable – in his individual capacity – for unpaid wages, and other damages under the Fair Labor Standards Act.

28. Defendants deliberately did not pay Plaintiff(s) for time worked in excess of forty (40) hours per week at a rate of time and one half.

29. At all times material, Defendants determined the rate and method of Plaintiff(s) compensation.

30. Defendants were required by law to pay Plaintiff(s) for all time worked and for at least one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per week.

31. Defendants intentionally failed to pay Plaintiff(s) at the rate of time and one half for all time worked in excess of forty (40) hours per week.

32. In violation of the FLSA, Defendants failed to maintain record of hours worked.

33. As a direct and proximate result of Defendants violations of the FLSA, Plaintiff(s) have suffered damages including loss of wages and Plaintiff(s) seek relief for overtime worked and not paid, liquidated damages, and reasonable attorney's fees.

WHEREFORE, Plaintiff(s), Michael Tasco, and a collective class of similarly situated Maintenance Department employees, hereby demand judgment in their favor and against Defendants, St. Matthews Baptist Church, and Dr. Raymond Gordon, Sr., for all relief deemed reasonable and necessary under the law.

## COUNT TWO
### Non-Payment of Wages / Non-Payment of Overtime
### New Jersey Wage and Hour Law, N.J.S.A. §34:11—56a, *et seq.* (the "NJWHL").
### Plaintiff v. Defendants

34. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

35. Defendants St. Matthew's Baptist Church and Defendant Raymond Gordon are "employers" within the meaning of the New Jersey Hour and Wage Law ("NJWHL").

36. At all relevant times, Plaintiff Michael Tasco was employed by Defendants within the meaning of the NJWHL.

37. Defendants willfully violated Plaintiff Tasco's rights by unlawfully classifying him as an exempt employee and/or otherwise failing to pay overtime compensation at rates not less than one and one-half his regular rate for each hour worked in excess of forty (40) hours in a work week.

38. As a result of the Defendants' violations of the NJWHL, Plaintiff has suffered damages in amounts to be determined at trial.

39. Plaintiff seeks recovery of attorney's fees.

40. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of The New Jersey Wage and Hour Law.

WHEREFORE, Plaintiff(s), Michael Tasco, hereby demand judgment in his favor and against Defendants, St. Matthews Baptist Church, and Dr. Raymond Gordon, Sr., for all relief deemed reasonable and necessary under the law.

### COUNT THREE
**Failure to Keep Record of Hours Worked and Wages
New Jersey Wage and Hour Law, N.J.S.A. §34:11—56a, *et seq.* (the "NJWHL").
Plaintiff v. Defendants**

41. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

42. Defendants St. Matthew's Baptist Church and Defendant Raymond Gordon are "employers" within the meaning of the New Jersey Hour and Wage Law ("NJWHL").

43. At all relevant times, Plaintiff was employed by Defendants within the meaning of the NJWHL.

44. Defendants violated the NJWHL §34:11-56a20 by failing to maintain records of Plaintiff's hours, which is a violation of the NJWHL.

45. As a direct result of the Defendants' violations of the NJWHL, Plaintiff has suffered damages in amounts to be determined at trial.

46. Plaintiff seeks recovery of attorney's fees.

47. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of The New Jersey Wage and Hour Law.

WHEREFORE, Plaintiff(s), Michael Tasco, hereby demands judgment in his favor and against Defendants, St. Matthews Baptist Church, and Dr. Raymond Gordon, Sr., for all relief deemed reasonable and necessary under the law.

DEREK SMITH LAW GROUP, PLLC

_____
CHRISTOPHER J. DELGAIZO, ESQUIRE
Attorney for Plaintiff, Michael Tasco
NJ Attorney Number 042832005

1845 Walnut Street, Suite 1601
Philadelphia, PA 19103
T: 610-844-1779
Fax: 215-501-5911
Email: Chris@dereksmithlaw.com

Date: September 24, 2018